IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 8, 2019 Session

## JOHN and DONNA CAVIN v. INDEPENDENT ASSET GROUP ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 2017-CV-801   Joe Thompson, Judge**

_____

### No. M2019-00509-COA-R3-CV
_____

The appellees have moved the court to dismiss this appeal as premature. Because multiple motions remain pending in the trial court, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and RICHARD H. DINKINS, JJ.

James Daniel Richardson Roberts, Jr., Nashville, Tennessee, for the appellants, John Cavin and Donna Cavin.

Abigail Marie Strader, Hendersonville, Tennessee, for the appellee, Independent Asset Group, LLC.

Walter Hinds Stubbs, Gallatin, Tennessee, for the appellee, The Glaser Firm, P. C.

### MEMORANDUM OPINION[1]

This appeal arises out of the partial dismissal of a counter/cross-complaint filed by the appellants, John and Donna Cavin. On February 19, 2019, the trial court dismissed Count I of Mr. and Mrs. Cavin's counter-complaint against Independent Asset Group,

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

LLC ("IAG"). On the same date, the trial court dismissed Mr. and Mrs. Cavin's counter-complaint against The Glaser Firm, P.C., ("Glaser"). The trial court also determined that there no was just reason for delay and directed the entry of a final judgment under Tenn. R. Civ. P. 54.02 as to both dismissal orders.

Mr. and Mrs. Cavin filed their notice of appeal with the clerk of this court on March 20, 2019. IAG and Glaser have both filed motions to dismiss the appeal as premature. Mr. and Mrs. Cavin have not filed a response disputing that their appeal is premature or opposing dismissal of the appeal.

It appears from the unopposed motions to dismiss, and from Mr. and Mrs. Cavin's own docketing statement, that multiple motions remain pending in the trial court, including motions to alter or amend the judgment and a motion for leave to file a second amended answer and counter/cross-complaint. The trial court retains jurisdiction to rule on a timely filed motion to alter or amend, and a notice of appeal filed prior to the trial court's ruling on such a motion is deemed premature. Tenn. R. Civ. P. 4(e). Even where the trial court has directed the entry of a final judgment under Tenn. R. Civ. P. 54.02, the trial court must still rule on any motions to alter or amend before an appeal can proceed. Based on the appellees' unopposed motions, we conclude that this appeal should be dismissed and that the trial court must dispose of all pending motions before Mr. and Mrs. Cavin can pursue an new appeal of the two dismissal orders certified by the trial court as final judgments under Tenn. R. Civ. P. 54.02.[2]

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of the appeal are taxed to John and Donna Cavin for which execution may issue.

PER CURIAM

---

[2] The trial court's authority to certify a final judgment under Tenn. R. Civ. P. 54.02 is not absolute, *Crane v. Sullivan*, No. 01-A-01-9207-CH-00287, 1993 WL 15154, at *1-2 (Tenn. Ct. App. January 27, 1993), and an appeal will be dismissed despite the trial court's certification if the order appealed does not resolve an entire claim or party or if the trial court improperly held that no just reason for delay exists. *Carr v. Valinezhad*, No. M2009-00634-COA-R3-CV, 2010 WL 1633467 at *2 (Tenn. Ct. App. Apr. 22, 2010). Because the Tenn. R. Civ. P. 54.02 certification is the subject of a motion to alter or amend, and the trial court should be given an opportunity to address this issue first, we take no position at this time as to whether either order was appropriate for certification under Tenn. R. Civ. P. 54.02.